# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GERALD OSBY,

    Petitioner

v.

BRIAN WILLIAMS, *et al.*,

    Respondents

Case No. 2:17-cv-02956-JAD-BNW

**Order Granting Motions to Dismiss and to Strike and Directing Petitioner to Advise the Court How He Will Proceed With This Mixed Petition**

[ECF No. 19, 30]

Pro se petitioner Gerald Osby brings this 17-ground petition for federal habeas corpus relief under 28 U.S.C. § 2254 to challenge his 2012 Nevada state-court conviction for first-degree murder with the use of a deadly weapon.[1] Respondents move to dismiss the majority of his grounds as unexhausted or not cognizable in federal habeas.[2] They also move to strike Osby's unauthorized surreply brief.[3] I grant the motion to strike because surreplies are not permitted by the rules of this court and Osby has not demonstrated a reason to allow it. I also grant the motion to dismiss because the vast majority of Osby's claims are unexhausted or non-cognizable. And I give Osby until August 5, 2019, to advise the court how he wants to proceed with this mixed petition.

---

[1] ECF No. 10.
[2] ECF No. 19.
[3] ECF No. 30.

## Background

### A. Osby's state-court trial

Osby is serving a sentence of life without the possibility of parole after he was convicted of first-degree murder with the use of a deadly weapon for the 2011 shooting death of Justin Jones.[4] The prosecution initially charged Osby with one count of murder with the use of a deadly weapon and one count of being an ex-felon in possession of a firearm,[5] but it dropped the possession count and proceeded only with the murder charge.[6] Osby was tried twice. His first trial ended in a hung jury[7]; the second resulted in his conviction for first-degree murder with the use of a deadly weapon.[8] Osby appealed, and the Nevada Supreme Court affirmed.[9]

### B. Osby's state-court habeas proceedings

Osby then filed a proper-person post-conviction habeas corpus petition in the state district court.[10] Counsel was appointed and filed a supplement.[11] The state district court denied the petition.[12] Osby appealed, and the Nevada Court of Appeals affirmed.[13]

---

[4] ECF No. 10.
[5] Ex. 4 (ECF No. 20-4), Ex. 8 (ECF No. 20-8), Ex. 10 (ECF No. 20-10).
[6] Ex. 17 (ECF No. 20-17).
[7] Ex. 29 (ECF No. 20-29).
[8] Ex. 54 (ECF No. 21-18).
[9] Ex. 78 (ECF No. 22-7).
[10] Ex. 91 (ECF No. 22-20).
[11] Ex. 102 (ECF No. 22-31).
[12] Ex. 113 (ECF No. 23-7).
[13] Ex. 130 (ECF No. 23-24).

**C.      Osby's federal habeas action**

Osby then filed this federal habeas petition. That petition is a combination of documents that Osby filed in the state courts, making it difficult to parse. But the cobbled-together document appears to set forth a total of 17 grounds:

- <u>Enumerated Grounds 1–12</u>: Grounds 1 through 12 are handwritten copies of the 12 grounds that Osby raised in his proper-person state post-conviction petition.[14]
- <u>Three unenumerated grounds</u>: Next, Osby has attached pages from his counseled opening brief on post-conviction appeal.[15] These pages contain the three claims in his counseled supplemental state petition.[16] The next pages are handwritten copies and photocopies from Osby's counseled supplemental state post-conviction petition.[17] These pages contain only legal argument.
- <u>Enumerated Grounds 13–14</u>: Osby then resumes his sequence of his claims with grounds 13 and 14, which are handwritten copies and photocopies from Osby's opening brief on direct appeal.[18]

**D.      Motion to dismiss**

Respondents move to dismiss fourteen of Osby's claims—enumerated grounds 1–12 and 14—arguing that they are redundant, not cognizable in federal habeas proceedings, or unripe

---

[14] *Compare* ECF No. 10, at 3-27, *with* Ex. 91 at 5–8 (ECF No. 22-20, at 6–9).

[15] ECF No. 10, at 28–45.

[16] Osby does not enumerate these claims as, for example, 13, 14, and 15. Farther along in the petition, he resumes the sequence of his claims with ground 13. ECF No. 10, at 51. This creates some difficulty because the three unenumerated claims from his state post-conviction appeal and ground 13 are the only claims that are exhausted.

[17] ECF No. 10, at 46–51.

[18] *Compare* ECF No. 10, at 51–65, *with* Ex. 71, at 20–31 (ECF No. 22, at 21–32).

3

because Osby failed to first exhaust them in state court before raising them in this federal petition.[19] They do not challenge his unenumerated claims or ground 13. Osby opposes the motion, arguing that all of his claims were fairly presented to the state court for review, and that the U.S. Supreme Court's decision in *Martinez v. Ryan* saves his claims from any procedural default.[20] I consider each argument in turn.

## Discussion

### A. Exhaustion of state remedies

Because a habeas petitioner must give the state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, the federal court will not consider a state prisoner's petition for habeas relief until he has properly exhausted his available state remedies for all claims raised.[21] A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[22] To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[23] The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[24] The state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity

---

[19] ECF No. 19.

[20] ECF No. 26.

[21] *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

[22] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

[23] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[24] *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).

4

to correct alleged violations of the prisoner's federal rights.[25] "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion,"[26] but citing to state case law that applies federal constitutional principles will suffice.[27]

The factual basis for a claim matters, too. A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based.[28] Exhaustion does not occur when the petitioner presents to the federal court facts or evidence that place the claim in a significantly different posture than it was in the state courts, or when different facts are presented at the federal level to support the same theory.[29]

**B.     Grounds 1 through 12 and ground 14 have not been exhausted.**

Grounds 1 through 12 are not exhausted—all for the same reason. Osby presented the same 12 claims in his proper-person state post-conviction petition.[30] The state district court appointed counsel, who filed a supplemental petition that contained three additional grounds.[31] On appeal from the denial of the state post-conviction habeas corpus petition, Osby raised only the three supplemental grounds before the Nevada Supreme Court,[32] he did not raise the twelve

---

[25] *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

[26] *Hiivala*, 195 F.3d at 1106.

[27] *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*).

[28] *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

[29] *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

[30] Ex. 91 (ECF No. 22-20).

[31] Ex. 102 (ECF No. 22-31).

[32] Ex. 124 (ECF No. 23-18).

grounds of his proper-person state petition. Thus, Osby has not exhausted grounds 1 through 12 because he did not present them to the Nevada Supreme Court.

Ground 14 is a claim that "admission of testimony from the State's forensic toolmark expert constituted reversible error."[33] Respondents note correctly that Osby presented a similar claim on direct appeal, but only as a matter of state law.[34] Osby has not exhausted ground 14 because he did not present it to the Nevada Supreme Court as a matter of federal law.

**C.** *Martinez v. Ryan* **affords Osby no relief.**

Osby argues that he has good cause for the court to consider grounds 1, 2, 4, 5, 7, and 12: his post-conviction appellate counsel failed to present these grounds on appeal, so the Supreme Court's 2012 decision in *Martinez v. Ryan*[35] excuses the failure to exhaust.[36] Although *Martinez* "forge[d] a new path for habeas counsel to use ineffectiveness of state [postconviction relief] counsel as a way to overcome procedural default in federal habeas proceedings,"[37] creating a narrow exception to the general rule that errors of post-conviction counsel cannot provide cause for a procedural default,[38] the *Martinez* exception applies only to substantial claims of ineffective assistance of trial counsel that are procedurally defaulted because of ineffective counsel, or lack of counsel, in the initial post-conviction habeas corpus proceedings. *Martinez* cannot supply cause to excuse the procedural default of a substantive claim of trial-court error,[39] ineffective

---

[33] ECF No. 10, at 59.
[34] Ex. 70, at 26–31 (ECF No. 22, at 27–32).
[35] 566 U.S. 1 (2012).
[36] ECF No. 26 at 19–20.
[37] *Lopez v. Ryan*, 678 F.3d 1131, 1133 (9th Cir. 2012).
[38] *Martinez*, 566 U.S. at 16–17.
[39] *See id.*

6

assistance of appellate counsel,[40] and "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts."[41]

*Martinez* does not apply to Osby's grounds 1, 2, 4, 5, 7, and 12. First, ground 5 is a claim of ineffective assistance of appellate counsel, which is outside the scope of *Martinez*. Second, grounds 1, 2, 4, 5, 7, and 12, which are claims of ineffective assistance of trial counsel, were not exhausted because post-conviction *appellate* counsel did not raise them on appeal from the denial of the post-conviction petition. Errors of post-conviction *appellate* counsel are also outside the scope of *Martinez*.

Osby's *Martinez* argument is also premature. If he returns to state court, Osby faces state-law procedural bars including NRS 34.726(1), which is a one-year statute of limitation, and NRS 34.810, which restricts second or successive petitions. Both of these procedural bars allow for a showing of cause and prejudice to excuse them. With one exception, the state and federal standards for cause and prejudice are functionally identical.[42] The exception is ineffective assistance of counsel in initial post-conviction proceedings as cause to excuse a procedurally defaulted claim of ineffective assistance of trial counsel. Nevada has not adopted the *Martinez* rule for its procedural bars.[43] For Osby to argue *Martinez* now, he needed to concede that he had no other arguments for cause and prejudice that he could have presented to the Nevada courts. Osby made no such concession.

---

[40] *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

[41] *Martinez*, 566 U.S. at 16.

[42] *Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004).

[43] *Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014).

7

### D. Grounds 3 and 5 challenge the validity of Osby's conviction.

Respondents argue that grounds 3 and 5 are not cognizable in federal habeas because they do not challenge the validity of Osby's convictions. In ground 3, Osby alleges that he was convicted of being an ex-felon in possession of a firearm, but no firearm was introduced into evidence at trial. In ground 5, Osby alleges that appellate counsel provided ineffective assistance by not raising the issue in ground 3 on direct appeal. Taking Osby's allegations literally, respondents are correct because the prosecution dropped the ex-felon possession charge and Osby was not convicted of it.

But, in ground 5 Osby alleges, "Counsel never argued the fact petitioner was convicted of ex-felon in possession of a firearm <u>and giving 20 years on top of life</u> where there was never any evidence or gun that was physically recovered."[44] Osby could not have received the sentence he alleges for being an ex-felon in possession of a firearm. The maximum term for that crime is no more than 6 years, well below the 20 years that he alleges he received.[45] Osby did receive a consecutive sentence with a minimum term of 1 year and a maximum term of 20 years for the use of a deadly weapon in the murder.[46] It appears that Osby has confused the charge of being an ex-felon in possession of a firearm, which was dropped, with the sentence enhancement for the use of a deadly weapon, for which he was convicted. Construing grounds 3 and 5 liberally, they do attack the validity of Osby's conviction. Nonetheless, Osby still has not exhausted his state-court remedies for these grounds, and he will need to decide how to proceed with these unexhausted grounds.

---

[44] ECF No. 10 at 11 (emphasis added).

[45] *See* Nev. Rev. Stat. § 202.360(1) (2003).

[46] Ex. 54 (ECF No. 21-18). *See also* Nev. Rev. Stat. § 193.165 (penalty for use of a deadly weapon).

**E. Ground 9 does not challenge the validity of Osby's custody**

Ground 9 is Osby's claim that the prosecution committed misconduct by paying $500 to Raul "Sparks" Gonzalez and releasing him from custody. Respondents argue that this allegation involves a person who is unrelated to Osby's case. Osby does not oppose this argument. I deem Osby's silence on this point as his concession that this ground is meritless, and I dismiss ground 9.

**F. Osby must choose one of three ways to proceed with this mixed petition.**

A federal court may not entertain a habeas petition unless and until the petitioner has exhausted available and adequate state court remedies for **all** claims in the petition.[47] A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal,[48] and a mixed petition is exactly what Osby has here because enumerated grounds 1–8, 10–12, and 14 are all unexhausted.

Because this petition contains a mix of exhausted and unexhausted claims, Osby must now choose one of three paths forward:

(1) submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

(2) return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

(3) file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

---

[47] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).
[48] *Id*.

9

If Osby does not select one of these three options or seek and obtain other appropriate relief from this court by the deadline, the court will dismiss this entire federal habeas petition without prejudice.[49] If he chooses the third option, he is cautioned that a stay is available only if he can show good cause for his failure to exhaust his claims in state court under the *Rhines v. Weber* standard.[50]

**G.     The Court strikes Osby's unauthorized surreply.**

Osby also has filed a surreply[51] not authorized by Local Rule LR 7-2, and respondents move to strike it.[52] Because the surreply is not permitted, and Osby has not demonstrated that it should be considered, I grant the motion to strike and disregard the surreply.

**Conclusion**

IT THEREFORE IS ORDERED that respondents' motion to dismiss **[ECF No. 19] is GRANTED**:

- Ground 9 is dismissed because it is unrelated to Osby's custody.
- Grounds 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, and 14 are unexhausted.

---

[49] Osby should familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

[50] *Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."). Osby is aware of the *Rhines* standard because he cites to *Rhines* in his response brief. *See* ECF No. 26 at 9.

[51] ECF No. 28.

[52] ECF No. 30.

IT IS FURTHER ORDERED that **Osby has until August 5, 2019, to do one of the following:**

(1) Inform this court in a sworn declaration that he wishes to formally and forever **abandon the unexhausted grounds** for relief in his federal habeas petition and proceed on the exhausted grounds;

(2) Inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to **return to state court to exhaust** his unexhausted claims; **or**

(3) **File a motion for a stay** and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.

**If Osby does none of these things by the due date, this case may be dismissed without further prior notice.**

IT IS FURTHER ORDERED THAT if Osby chooses to file a motion for a stay and abeyance or seek other appropriate relief, respondents may respond to his motion as provided in Local Rule 7-2. If he elects to abandon his unexhausted grounds, respondents will have 30 days from the date Osby serves his declaration of abandonment to file an answer to Osby's remaining grounds for relief. The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. Osby will then have 30 days after service of respondents' answer to file his reply.

IT FURTHER IS ORDERED that respondents' motion to strike **[ECF No. 30] is GRANTED**.

Dated: July 5, 2019

_____
U.S. District Judge Jennifer A. Dorsey