# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Gerald Osby,<br><br>        Petitioner<br><br>v.<br><br>Brian Williams, et al.,<br><br>        Respondents | Case No. 2:17-cv-02956-JAD-BNW<br><br>**Order Granting Motion for Stay and Abeyance and Denying Request for Transcripts**<br><br>ECF Nos. 34, 35 |

Petitioner Gerald Osby brings this habeas corpus petition under 28 U.S.C. § 2254[1] to seek relief from his state-court conviction for first-degree murder with the use of a deadly weapon.[2] On the respondents' motion,[3] I dismissed[4] one of Osby's grounds,[5] found that he had not exhausted his state-court remedies for most other grounds, and then ordered Osby to decide what he wanted to do with this mixed petition.[6] Osby now moves to stay this action and hold it in abeyance while he returns to state court to exhaust his claims.[7] Because I find that Osby has demonstrated good cause and that at least two grounds are not plainly meritless, I grant his motion, and I stay and administratively close this case. Osby also asks for copies of all

---

[1] ECF No. 10.

[2] ECF No. 21-18.

[3] ECF No. 19.

[4] ECF No. 33.

[5] *Id.* at 9.

[6] *Id.* at 5–6. As I noted in that order, Osby presented 14 enumerated grounds and 3 unenumerated grounds that sit between enumerated grounds 12 and 13. Enumerated ground 13 and the three unenumerated grounds are the only grounds that Osby has exhausted.

[7] ECF No. 34.

documents filed in this case. Because I do not find good cause for the court or respondents to undertake that burdensome effort, I deny that request.

## Discussion

### I. Motion to Stay and Hold in Abeyance [ECF No. 34]

In *Rhines v. Weber*,[8] the United States Supreme Court limited the district courts' discretion to allow habeas petitioners to return to state court to exhaust claims. When a petitioner pleads both exhausted and unexhausted claims—known as a mixed petition—the district court may stay the petition to allow the petitioner to return to state court to exhaust the unexhausted ones only if: (1) the habeas petitioner has good cause for failing to first exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in dilatory litigation tactics.[9] "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]."[10] "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."[11]

#### A. Good cause for failing to exhaust

Osby states in the motion for a stay that he and post-conviction counsel discussed what to do on appeal from the denial of his state post-conviction habeas corpus petition. He also represents that counsel agreed to appeal all grounds, including his proper-person grounds, not

---

[8] *Rhines v. Weber*, 544 U.S. 269 (2005).
[9] *Id*. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011).
[10] *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).
[11] *Id*.

2

just the three grounds that post-conviction counsel raised in the supplemental petition.[12] In response to respondents' complaint that Osby did not provide even an affidavit in support of his argument for good cause, Osby attached just such an affidavit to his reply.[13] I find that Osby has "set forth a reasonable excuse, supported by sufficient evidence, to justify [the] failure" to exhaust enumerated grounds 1–8 and 10–12.[14]

### B. Potentially meritorious claims

I also find that Osby has alleged at least two grounds that are not plainly meritless: grounds 7 and 12. Enumerated ground 7 contains a claim that Osby received ineffective assistance of trial counsel because trial counsel did not inform the jury of a 911 call.[15] The state district court denied this ground on its merits. However, the state district court came to that conclusion after considering trial counsel's testimony at a post-conviction evidentiary hearing and a review of the testimony at trial.[16] For me to find that enumerated ground 7 is without merit, I would need to review the transcript of the evidentiary hearing and the transcript of the trial, and I would need to determine that the state district court's decision was not contrary to, or an unreasonable application of, clearly established federal law.[17]

---

[12] ECF No. 34 at 7.

[13] ECF No. 40 at 16–17.

[14] *Blake v. Baker,* 745 F.3d 977, 982 (9th Cir. 2014). Osby should note that, if the state courts determine that his subsequent post-conviction petition is procedurally barred, then this cause would not be sufficient to overcome a procedural default in this court. I already have explained how *Martinez v. Ryan*, 566 U.S. 1 (2012), affords Osby no relief. *See* ECF No. 33 at 6–7. The result would be the same if *Martinez* is his only argument to overcome any procedural default.

[15] Enumerated ground 7 also contains a claim that trial counsel was ineffective in advising Osby to waive his right to a speedy trial.

[16] ECF No. 23-7 at 19–20.

[17] *See* 28 U.S.C. § 2254(d).

But *Rhines* appears to adopt 28 U.S.C. § 2254(b)(2) as a standard for determining when an unexhausted ground is plainly meritless. Under 28 U.S.C. § 2254(b)(2), "a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim."[18] If I have to delve into the state-court record to determine that enumerated ground 7 is without merit, then I cannot conclude at this juncture that the ground does not raise even a colorable federal claim.

Enumerated ground 12 is a claim that trial counsel failed to investigate an alibi witness. The state district court dismissed this ground on its merits. The state district court considered testimony at the post-conviction evidentiary hearing to support the decision.[19] Because I would need to delve into the state-court record to determine whether enumerated ground 12 is without merit, I cannot now conclude that ground does not raise even a colorable federal claim.

### C. Dilatory litigation tactics

Finally, there is no evidence in this record that Osby has engaged in dilatory litigation tactics. Osby's sentence is life imprisonment without the possibility of parole for first-degree murder, plus a consecutive sentence with a minimum term of one year and a maximum term of twenty years for use of a deadly weapon. Osby is not trying to delay the execution of his sentence—he already is serving it—he is trying to obtain relief from his sentence. His motion to stay is not a dilatory litigation tactic because a stay means that he will serve more time in prison before a final disposition of his case.

---

[18] *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (citing *Granberry v. Greer*, 481 U.S. 129 (1987)).

[19] ECF No. 23-7 at 21.

4

## II. Motion for Transcripts and Other Documents [ECF No. 35]

Osby also moves for the court or the respondents to provide him with a copy of every document filed in this case, including exhibits.[20] Osby's loss of those documents was not due to actions of the court or of the respondents, and his request would put either the court or the respondents to great effort and expense. I deny that motion.

### Conclusion

Because at least two grounds are not plainly meritless, Osby has shown good cause for his failure to exhaust, and it does not appear that Osby has engaged in dilatory litigation tactics, I find that a stay of this action is warranted. IT IS THEREFORE ORDERED that the motion for stay and abeyance **[ECF No. 34] is GRANTED**. **This action is STAYED pending exhaustion of the unexhausted claims.** Petitioner must return to this court with a motion to reopen within 45 days of the Nevada Supreme Court's issuance of the remittitur at the conclusion of the state-court proceedings. Petitioner or respondents otherwise may move to reopen this action and seek any relief appropriate under the circumstances.

IT IS FURTHER ORDERED that the motion for transcripts of pleadings and other documents on file in this case **[ECF No. 35] is DENIED**; and

**The Clerk of Court is directed to ADMINISTRATIVELY CLOSE this action**.

Dated: March 2, 2020

U.S. District Judge Jennifer A. Dorsey

---

[20] ECF No. 35.