# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Gerald Osby, | Case No. 2:17-cv-02956-JAD-BNW |
| Petitioner | |
| v. | **Order Granting Motion for Appointment of Counsel** |
| Brian Williams, *et. al.*, | |
| Respondents | [ECF No. 54] |

*Pro se* Petitioner Gerald Osby commenced this federal habeas action by filing a petition under 28 U.S.C. § 2254.[1] Following a finding that Osby's petition was mostly unexhausted,[2] Osby moved to stay this action.[3] I granted the request,[4] Osby returned to state court, and, following the conclusion of his state court proceedings, Osby moved to reopen this case.[5] I reopened this case on July 31, 2024, and instructed respondents to file a response to the petition.[6] Osby now moves for the appointment of counsel.[7]

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.[8] An indigent petitioner may request appointed counsel to pursue that relief.[9] The

---

[1] ECF No. 10.
[2] ECF No. 33.
[3] ECF No. 34.
[4] ECF No. 42.
[5] ECF No. 48.
[6] ECF No. 50.
[7] ECF No. 54.
[8] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)).
[9] 18 U.S.C. § 3006A(a)(2)(B).

decision to appoint counsel is generally discretionary.[10] However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.[11]

Although Osby has shown himself capable of representing himself so far in these proceedings, I find that the appointment of counsel is in the interests of justice given, among other things, Osby's sentence of life without the possibility of parole for first-degree murder.[12] So I provisionally appoint the Federal Public Defender to represent Osby.

IT IS THEREFORE ORDERED that the motion for appointment of counsel **[ECF No. 54] is GRANTED**. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Osby by filing a notice of appearance or (2) indicate the office's inability to represent Osby in these proceedings.

If the Federal Public Defender is unable to represent Osby, the court will appoint alternate counsel. Appointed counsel will represent Osby in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.[13]

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

---

[10] *Id*. (authorizing appointed counsel when "the interests of justice so require").

[11] *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

[12] ECF No. 21-18.

[13] Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Osby remains responsible for calculating the running of the federal limitation period and timely presenting claims. I make no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

- **ELECTRONICALLY PROVIDE** the Federal Public Defender a copy of this order, the petition (ECF No. 10), and the screening order (ECF No. 9), and

- **SEND** a copy of this order to Osby and the CJA Coordinator for this division.

IT IS FURTHER ORDERED that respondents' deadline to file a response to the petition is vacated until further order of this court.

Dated: October 30, 2024

_____
U.S. District Judge Jennifer A. Dorsey