**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Gerald Osby, | Case No. 2:17-cv-02956-JAD-BNW |
| Petitioner | |
| v. | **Appointment and Scheduling Order** |
| Brian Williams, et al., | ECF No. 55 |
| Respondents | |

On October 30, 2024, I granted Petitioner Gerald Osby's motion for appointment of counsel and provisionally appointed the Federal Public Defender.[1]  The Federal Public Defender has filed a notice of conflict,[2] so alternate counsel has been located to represent Osby.

IT IS THEREFORE ORDERED that:

1.    The provisional appointment of the Federal Public Defender is withdrawn.

2.    **Randal Boyd McDonald, III, Esq., is appointed as counsel for Osby** under 18 U.S.C. § 3006A(a)(2)(B), *nunc pro tunc* to November 7, 2024.  Mr. McDonald will represent Osby in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.  Mr. McDonald's contact information is:

Randal Boyd McDonald, III
Law Office of Randal B. McDonald
112 N. Central Ave., Suite 100
Phoenix, AZ 85004
(602) 325-3092
Randy@rbmcdonaldlaw.com

---

[1] ECF No. 56.

[2] ECF No. 57.

**3.    The Clerk of Court is directed to:**

- **SEND** a copy of this Order to Osby and the CJA coordinator for this division and

- **ELECTRONICALLY PROVIDE** Mr. McDonald a copy of this Order and copies of all other items previously filed in this case by regenerating the Notices of Electronic Filing.

**4.    Mr. McDonald must enter a notice of appearance by November 22, 2024.**

5.    Osby, through Mr. McDonald, has up to and including February 7, 2025, to file an amended petition or seek other appropriate relief.  This deadline and any extensions of it may not be construed as implied findings regarding the federal limitation period or a basis for tolling.  Osby remains responsible for calculating the limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions.  So, a petition or amended petition filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of limitations.[3]

6.    If Osby files an amended petition, respondents will have 60 days from the date of service to respond to it—including by motion to dismiss.  Osby will then have 30 days from the date of service of an answer to file a reply.  However, Local Rule LR 7-2(b) governs the scheduling for responses and replies to motions filed by either party, including motions filed in lieu of pleadings.

7.    Any procedural defenses raised by respondents to the counseled amended petition must be raised together in a single, consolidated motion to dismiss.  Successive

---

[3] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be waived.  Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits.  But arguments that an unexhausted claim clearly lacks merit may be included in a procedural-defense response.  If respondents do seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2) they must: (1) do so in a single motion to dismiss, not in the answer; and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2).[4]  Basically, no procedural defenses, including exhaustion, may be included with the merits in an answer.  All procedural defenses, including exhaustion, must be raised in a single dismissal motion.

8.      In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court-written decision and state-court-record materials, if any, regarding each claim within the response as to that claim.

9.      Any state-court record and related exhibits filed by either party must be filed with a separate exhibit index identifying the exhibits by number.  The CM/ECF attachments that are filed must then be identified by the corresponding indexed identifying number.  If the filed exhibits span more than one ECF Number in the record, the first document under each successive ECF Number must be either: (1) another copy of the index, (2) a volume cover page, or (3) some other document serving as a filler, so that each exhibit under the ECF Number will be listed under an attachment number.  For example, the filler page would be filed as ECF No. 1,

---

[4] *See Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

and the exhibits would be filed as ECF No. 1-1, 1-2, 1-3, etc.  And if there are more exhibits than can be attached to ECF No. 1, then ECF No. 2 would be a filler page with the exhibits as ECF Nos. 2-1, 2-2, 2-3, etc.

10.   Do not provide courtesy copies of electronically filed exhibits.

**11.**   Respondents' motion for an extension of time to file their response to Osby's motion for appointment of counsel **[ECF No. 55] is DENIED as moot.**

Dated: November 13, 2024

_____
U.S. District Judge Jennifer A. Dorsey