**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Gerald Osby, | Case No. 2:17-cv-02956-JAD-BNW |
| Petitioner | |
| v. | **Order Granting in Part Motion to Dismiss and Instructing Respondent to File Answer by June 30, 2026** |
| Jeremy Bean,[1] | |
| Respondent | [ECF No. 81] |

Counseled petitioner Gerald Osby, who is challenging his 2012 Nevada state-court conviction, has filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254.[2] The respondent moves to dismiss the bulk of Osby's amended petition, arguing that ground 6 is untimely and does not relate back to Osby's timely pro se petition and that grounds 2 through 7 are unexhausted or procedurally defaulted.[3] Although I find that ground 6 relates back and is therefore timely, I dismiss grounds 2, 4, and 5 as procedurally defaulted and defer a cause-and-prejudice analysis on grounds 3, 6, and 7, which are also procedurally defaulted. The respondent has until June 30, 2026, to answer the non-dismissed grounds in the amended petition.

---

[1] The state corrections department's inmate-locator page shows that Osby is incarcerated at High Desert State Prison. So, I substitute Jeremy Bean for Respondent Brian Williams under Federal Rule of Civil Procedure 25(d).

[2] ECF No. 80.

[3] ECF No. 81.

**Background**

Following a jury trial, Osby was convicted of first-degree murder with the use of a deadly weapon[4] and sentenced to life in prison without the possibility of parole.[5]  Osby appealed, but the Nevada Supreme Court affirmed.[6]

Osby filed a state habeas petition,[7] which was denied.[8]  Osby appealed, and the Nevada Court of Appeals affirmed.[9]

Osby commenced this federal habeas action on November 28, 2017, and moved for a stay,[10] which I granted.[11]  He then filed a second state habeas petition,[12] which was also denied[13] Osby appealed, and the Nevada Supreme Court affirmed.[14]

I reopened this case on July 31, 2024, and granted Osby's motion for the appointment of counsel.[15]  Osby filed his counseled amended petition, alleging the following grounds for relief:

1.  His trial counsel failed to investigate the existence of accomplices.

2.  The trial court erred in sentencing him with a weapons enhancement despite the fact that no firearm was presented at trial.

---

[4] ECF No. 21-18.

[5] *Id.*

[6] ECF No. 22-7.

[7] ECF No. 22-20.

[8] ECF No. 23-7.

[9] ECF No. 23-24.

[10] ECF Nos. 1, 34.

[11] ECF No. 42.

[12] ECF No. 51-4.

[13] ECF No. 51-24.

[14] ECF No. 51-37.

[15] ECF Nos. 50, 56.

3.      His trial counsel failed to conduct meaningful cross-examination and to object to evidence.

4.      His appellate counsel failed to argue valid issues on direct appeal.

5.      The prosecutor paid witnesses and threatened to incarcerate them.

6.      His trial counsel failed to tell him about the existence of an exculpatory 911 call.

7.      His trial counsel failed to investigate alibi witnesses.

8.      The prosecutor used a peremptory challenge to strike a juror based on his race.

9.      The prosecutor's expert's testimony was unreliable.[16]

The respondent now moves to dismiss the majority of Osby's claims. It argues that ground 6 of the amended petition, which is untimely, does not relate back to Osby's timely pro se petition, and that grounds 2 through 7 are unexhausted or procedurally defaulted.[17]

**Discussion**

**I.      Relation Back**

A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading.[18] Habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence.[19] Rather, habeas claims asserted in an amended petition relate back

---

[16] ECF No. 80.

[17] ECF No. 81.

[18] *Mayle v. Felix*, 545 U.S. 644 (2005).

[19] *Id*. at 655–64.

"only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes."[20]  In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims."[21]  A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely.[22]

In ground 6 of his amended petition, Osby alleges that his trial counsel failed to tell him about the existence of an exculpatory 911 call and to present evidence of the call at trial.[23]  In ground 7 of his pro se petition, Osby alleged that trial counsel was ineffective "when he failed to inform [him] and the jury of the 911 call at the time of the shooting."[24]  The respondent contends that ground 6 of Osby's amended petition is different because it "now includes trial counsel's testimony regarding the 911 calls during the evidentiary hearing and portions of the state district court's order denying the state habeas petition to support his claim."[25]

Applying the liberal construction accorded to pro se filings, I am persuaded that ground 6 of the amended petition relates back to ground 7 of Osby's pro se petition.  Both grounds are ineffective-assistance-of-counsel claims based on trial counsel's failures regarding the 911 phone call.  Ground 6 of the amended petition merely "expands or modifies the facts alleged in the

---

[20] *Id*. at 657.

[21] *Id*. at 659.

[22] *Id*. at 659 n.5; *see also Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

[23] ECF No. 80 at 23.

[24] ECF No. 10 at 15.

[25] ECF No. 81 at 6.

earlier pleading, restates the original claim with greater particularity, or amplifies the details of the transaction alleged in the preceding pleading."[26]  So I find that ground 6 is timely.

## II.    Exhaustion

Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider a petition for habeas relief until the petitioner has properly exhausted his available state remedies for all claims raised.[27]  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[28]  To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[29]  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[30]  A claim is exhausted only if the petitioner has presented the state court with the same operative facts and legal theory upon which his federal claim is based.[31]

---

[26] *Ross v. Williams*, 950 F.3d 1160, 1168 (9th Cir. 2020) (citing 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1497 (3d ed. 2019)) (internal brackets and quotation marks omitted).

[27] *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

[28] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[29] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[30] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[31] *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

Osby raised grounds 2 through 7 in his second state habeas petition and then appealed the denial of that petition.[32]  I thus find that these grounds are all exhausted.[33]  Nonetheless, because Osby's second state habeas petition was found to be procedurally barred,[34] I turn to the procedural defaults of these grounds.

## III.	Procedural Default

If the state court denies a prisoner's habeas claim on an independent and adequate state law ground, that claim is "procedurally defaulted" for purposes of federal habeas review.[35]  When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice."[36]  To demonstrate cause, a petitioner must show that some external and objective factor impeded his efforts to comply with the state's procedural rule.[37]  To show prejudice, a petitioner must show not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error.[38]

---

[32] ECF Nos. 51-4 at 9–12, 13, 19; 51-33.

[33] Alternatively, these grounds are technically exhausted but procedurally defaulted.

[34] *See* ECF No. 51-37 at 2 ("The district court denied the petition as procedurally barred.  Osby appeals, and we affirm.").

[35] *Edwards v. Carpenter*, 529 U.S. 446, 454–55 (2000) (explaining that the bar applies if the prisoner fails to meet a "state procedural requirement").

[36] *Coleman*, 501 U.S. at 750; *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (explaining that the miscarriage-of-justice exception ensures "that federal constitutional errors do not result in the incarceration of innocent persons").

[37] *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012).

[38] *Murray v. Carrier*, 477 U.S. 478, 494 (1986).

Osby argues that he can overcome the procedural defaults of grounds 2 through 7 under *Martinez v. Ryan*.[39]  In that case, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel.[40]  Ground 3, 6, and 7 are claims of ineffective assistance of trial counsel.  So Osby has arguably met two of the four elements of *Martinez* for grounds 3, 6, and 7: (1) his state post-conviction petition was the initial proceeding regarding claims of ineffective assistance of trial counsel, and (2) Nevada law requires that a claim of ineffective assistance of trial counsel be raised in a post-conviction habeas corpus proceeding.  However, because the analysis of cause and prejudice under *Martinez* for grounds 3, 6, and 7  is necessarily intertwined with the merits of these grounds, I will wait to resolve these issues until after the parties have answered and replied, addressing the claims on their merits.  That way, I will have the benefit of analyzing all of Osby's claims against a fully developed factual and legal backdrop.[41]

But *Martinez* does not apply to grounds 2, 4, or 5.  *Martinez* cannot excuse the procedural default of a substantive claim of trial-court error or an appellate-counsel-ineffective-assistance claim.[42]  So I dismiss grounds 2, 4, and 5 as procedurally defaulted.

---

[39] ECF No. 82 at 5–6.

[40] *Martinez v. Ryan*, 566 U.S. 1, 9 (2012).

[41] I take this action on the premise that Osby has a potentially viable argument for cause and prejudice based on *Martinez*—and only *Martinez*.  If Osby offers other cause-and-prejudice arguments, then I will return to a procedural posture in which the next step is instead dictated by *Rose v. Lundy*, 455 U.S. 509 (1982), and its progeny.

[42] *Martinez*, 566 U.S. at 16–17; *Davila v. Davis*, 582 U.S. 521, 529 (2017) (declining "to extend *Martinez* to allow a federal court to hear a substantial, but procedurally defaulted, claim of ineffective assistance of appellate counsel when a prisoner's state postconviction counsel provides ineffective assistance by failing to raise that claim").

**Conclusion**

IT IS THEREFORE ORDERED that the respondent's motion to dismiss **[ECF No. 81] is GRANTED in part:**

- Grounds 2, 4, and 5 are dismissed as procedurally defaulted.

- Grounds 3, 6, and 7 are procedurally defaulted, but consideration of cause and prejudice under *Martinez* to overcome these procedural defaults is deferred until after the filing of an answer and reply.

- Ground 6 relates back, is timely, and may proceed.

IT IS FURTHER ORDERED that **the respondent has until June 30, 2026, to file an answer to the remaining claims in the amended petition**. Osby will then have 30 days to file his reply.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to SUBSTITUTE Jeremy Bean for Respondent Brian Williams.**

Dated: May 13, 2026

_____
U.S. District Judge Jennifer A. Dorsey